UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,
                    Plaintiff

v.                                            Cr. No. 94-21-01ML

EDWARD THOMAS VIEIRA, JR.,
                    Defendant

                    and

SIMMONS COLLEGE,

                    Garnishee


**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

The matter before the Court is the defendant's motion to transfer the Government's postjudgment garnishment proceedings against him to the United States District Court for the District of Maine, where the defendant currently resides. For the reasons set forth herein, the motion to transfer is GRANTED.

**Background**

On May 12, 1994, the defendant, Edward T. Vieira, Jr. ("Vieira"), pleaded guilty in this Court to mail fraud, money laundering, and medicare fraud. On October 19, 1994, Vieira was sentenced to 54 months incarceration and three years of supervised release. Vieira was ordered to make restitution to the "United States Department of Medicaid"[1] in the amount of $971,000 and to the "Rhode Island Department of Medicare" in the amount of $60,000.

_____

[1] The federal and state agencies charged with the administration of Medicaid and Medicare are the U.S. Department of Health and Human Services and the R.I. Department of Human Services, respectively.

Judgment dated October 27, 1994, page 4 of 5.   In addition, the sentencing court ordered the forfeiture of funds from foreign bank accounts up to the amount of $328,000.   In late 1994, funds totaling $325,057.35 were forfeited.   A $200 special assessment was paid in full on January 12, 1995.

Subsequently, the Government initiated two separate garnishment proceedings against Vieira.   The first such proceeding, filed in 1995 while Vieira was still incarcerated, sought a Writ of Garnishment directing Citizen's Trust Company to withhold $4,865.92 belonging to Vieira.   Although Vieira initially filed a written objection in which he requested a hearing and claimed that his property was exempt, he later withdrew his request and agreed to the garnishment.

The second garnishment proceeding was initiated in 2004, after Vieira ceased making restitution payments following the conclusion of his supervised release on March 5, 2001.   Vieira did not object or request a hearing on that occasion and the Court directed Vieira's then employer, the University of Hartford, to withhold 25% of Vieira's disposable earnings to be paid toward restitution. After Vieira relocated to Maine in August 2004 and began working for Simmons College in Boston, Massachusetts, he was directed by the United States Attorney to pay a minimum of $750 per month towards his restitution.   Vieira made ten such payments and then reduced his payments to $200 and, later, to $150 monthly.   Since September 6, 2007, Vieira has made no payments at all.   Apart from the initial forfeiture, Vieira has only paid a total of $17,435.52.

As of July 24, 2009, the total outstanding restitution amount is $1,009,268.56.

On June 4, 2009, the Government filed an application for writ of continuing garnishment pursuant to Section 3205 of the Federal Debt Collection Procedures Act ("FDCPA"), §§ 3001-3308.   Upon issuance of the writ to Simmons College, Vieira was sent a Clerk's Notice of Postjudgment Garnishment that advised him of his right to request a hearing within 20 days of receiving the notice if he believed he did not owe money to the Government or if he wanted to claim that his property was exempt.   The notice also stated:

> "If you think you live outside the federal judicial
> district in which the Court is located, you may request,
> not later than 20 days after you receive this notice,
> that this garnishment proceeding be transferred by the
> Court to the Federal judicial district in which you
> reside."

Vieira timely requested by letter that the garnishment proceedings against him be transferred to the United States District Court for the District of Maine where he has been residing for the past six years.[2]   In support of his request, Vieira submitted an affidavit in which he declared that "[l]itigating the garnishment proceedings in Rhode island would constitute an undue geographic and economic hardship for me."   Vieira did not specifically request a hearing or file an objection to the garnishment.

The Government has objected to Vieira's motion on the grounds

---

[2]
The Government has not disputed that Vieira is a Maine resident.

that, in criminal cases, the right to transfer is "overridden . . . by other applicable collection statutes," Gov.'s Mem. at 6, and that this Court "is in the best position to enforce collection" against a defendant with whom it is familiar. Id. at 7. The Government points out that Vieira was originally sentenced in this jurisdiction and that this Court has already presided over two previous garnishment proceedings against him.   According to the Government's memorandum, Vieira has recently retained local counsel who has met with the Government and who has been provided with a form for the assessment of Vieira's financial status.   Vieira has filed no further response.

**Discussion**

(A) Transfer of Proceedings

Generally, a court may transfer proceedings against a defendant to another district "for the convenience of the parties and witnesses and in the interest of justice."   Fed. R. Crim. P. 21(b).   The decision of whether to transfer the proceedings rests within the discretion of the court.   See e.g., United States v. Maldonado - Rivera, 922 F.2d 934, 966 (2d Cir. 1990)(Disposition of a motion to transfer is "vested in the sound discretion of the district court").   In making that determination, a court is required to consider certain relevant facts, including the location of the defendant; location of documents and records; expense to the parties; and location of counsel.   United States v. Maldonado - Rivera, 922 F.2d at 966 (applying factors set forth in Platt v.

<u>Minnesota Mining and Manufacturing Co.</u>, 360 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674) (1964)). The defendant bears the burden of establishing that a transfer of the proceedings against him is warranted. <u>In re United States</u>, 273 F.3d 380, 388 (3d Cir. 2001)(moving party must demonstrate that "a balancing of proper interests weigh in favor of the transfer").

(B) Debt Collection by the Federal Government

Enactment of the FDCPA was intended "'to give the Justice Department uniform Federal procedures – prejudgment remedies and postjudgment remedies – to collect debts owed the United States nationwide.'" <u>United States v. Mays</u>, 430 F.3d 963, 965 (9th Cir. 2005) (quoting H.R. Rep. No. 103-883, at 81 (1995)). The FDCPA provides the Government with the procedures to enforce both civil and criminal debts owed the United States. <u>See</u> <u>United States v. Mays</u>, 430 F.3d at 966 (Subsequent importation of FCDPA provisions into the Mandatory Victims Restitution Act indicates that "Congress clearly meant to make those procedures available in criminal cases"). According to the statute, the FDCPA sets forth the "<u>exclusive</u> civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." 28 U.S.C. §3001(a)(1), 3002(3)(B)(Emphasis added).

The FDCA, however, also provides the following exception:

> "To the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. §

3001(b).

Subsection 3003(b) of the FDCPA further explains that

> "[t]his chapter shall not be construed to curtail or
> limit the right of the United States under any other
> Federal law or any State law . . . (2) to collect any
> fine, penalty, assessment, restitution, or forfeiture
> arising in a criminal case." 28 U.S.C. § 3003(b)(2).

(C) This Case

The Government in this case filed a an application for writ of
garnishment pursuant to Section 3205 of the FDCPA, 28 U.S.C. §
3205. Gov.'s Application 1. Section 3205 of the FDCPA provides
that a writ of garnishment may be issued by a court against
nonexempt disposable earnings or other nonexempt property of a
debtor "in order to satisfy the judgment against the debtor." 28
U.S.C. §3205(a). It also sets forth the proper application
procedures with which the Government must comply, including notice
to the debtor. 28 U.S.C. § 3205(c).

In addition, Subsection 3004(b)(2) of the FDCPA provides as
follows:

> "If the debtor so requests, within 20 days after
> receiving the notice described in section 3101(d) or
> 3202(b)[3], the action or proceeding in which the writ,
> order, or judgment was issued shall be transferred to the
> district court for the district in which the debtor
> resides." 28 U.S.C. § 3004(b)(2)(Emphasis added).

Based on the noted exception to the FDCPA addressed in

---

[3]
Subsection 3101(d) refers to prejudgment remedies and subsection
3202(b) refers to the enforcement of judgments.

subsections 3001(b) and 3003(b)(2), the Government suggests that, when other federal collection statutes provide a mechanism to collect a debt in a criminal case, the transfer provision of Section 3004(b)(2) should not be read as mandatory.  Gov. Obj. at 6.  The government relies primarily on an unpublished decision by the District Court of the Western District of Wisconsin, which held that other criminal collection statutes take precedence over the FDCPA.  See United States v. Tedder, 2004 W.L. 415270 at *1 (W.D. Wis., Feb. 26, 2004)(holding that granting a transfer of criminal enforcement proceedings pursuant to Section 3004(b)(2) "would be inconsistent with the procedures set out in 18 U.S.C. §§ 3611-15 and would pose a real risk of curtailing or limiting the government's right to collect the fine and forfeiture imposed on defendant as a consequence of his conviction").  The government's reliance on Tedder is misplaced, however, because that case is inapposite.

The procedures in Sections 3611-3615, to which Tedder specifically refers, are post-sentence administration provisions which were amended to complement the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664.  The MVRA made restitution mandatory for offenses against property under Title 18, "including any offense committed by fraud or deceit," 18 U.S.C. § 3663A(c)(1)(A)(ii), as committed by Vieira.  At the same time, the language of Sections 3211-3215, which previously applied only to fines and assessments, was amended to include "restitution" as well.  See Historical and Statutory Notes regarding 1996

Amendments.      However,   the   MVRA   and   Sections   3611-3615   are
applicable   to   sentencing   proceedings   only   "in   cases   in   which   the
defendant   is   convicted   on   or   after   the   effective   date   of   this   Act -
April   24,   1996."     Pub.   L.   No.   104-132,   §211,   see   Note   at   18   U.S.C.
§   2248;   see also   United States v. Elson,   577   F.3d   713,   721   (6th
Cir.   2009).     Vieira   was   convicted   and   sentenced   in   1994   and,
consequently,   the   provisions   of   the   MVRA   and   the   related   post-
sentence   administration   procedures,   as   amended   in   1996,   do   not
apply   to   him.     By   contrast,   Tedder,   who   requested   a   transfer   of
criminal   forfeiture   proceedings   while   he   was   still   incarcerated,
was   convicted   in   2003.

The   Government's   suggestion   that   this   Court   should   adjudicate
the   garnishment   proceedings   against   a   defendant   who   was   sentenced
in   this   jurisdiction   has   appeal,   especially   since   Vieira's
nonspecific   assertion   of   "economic   hardship"   does   not   appear
particularly   compelling.     Nevertheless,   the   language   of   Section
3004 (b)(2)   of   the   FDCPA   is   mandatory   and,   in   the   absence   of   any
other   federal   collection   statutes   applicable   in   this   particular
case,   the   proceedings   must   be   transferred   upon   Vieira's   timely
request.

## Conclusion

For   the   reasons   set   forth   above,   Vieira's   motion   to   transfer
the   garnishment   proceedings   is   GRANTED.     The   case   is   transferred   to
the   United   States   District   Court   for   the   District   of   Maine   for
further   proceedings.

SO ORDERED.

_Mary M. Lisi_

Mary M. Lisi *USDJ*

November 4 , 2009